1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,                    )    CR-09-8098-1-PCT-FJM (LOA)
                                             )
                          Plaintiff,         )    **REPORT AND RECOMMENDATION**
                                             )
vs.                                          )
                                             )
                                             )
Lance Theodore Bruneau,                      )
                                             )
                          Defendant.         )
_____      )
                                             )
                                             )
AAF-McQuay, Inc.                             )
                                             )
                          Garnishee.         )
_____      )

   This closed criminal case is before the District Court on Defendant/Judgment-Debtor

Lance Theodore Bruneau's ("Judgment-Debtor") *pro se* Motion for Hearing, requesting a

hearing in response to the service of a writ of garnishment on Defendant's employer, AAF-

McQuay, Inc.[1] (Doc. 44) Judgment-Debtor writes "that the garnishment of [his] wage's [sic]

be reduced or removed. 25% loss of income will be a devestating [sic] event due to the

amount [he is] struggling to pay already." (*Id*. at 1)  He asks the Court to "[p]lease allow me

a Hearing so I can provide documentation of financial, medical, legal and carreer [sic]

_____

[1] The United States may properly seek a civil garnishment order under a defendant's
criminal docket number to enforce a prior judgment of restitution under the Mandatory
Victim Restitution Act without filing a separate civil action. *United States v. Mays*, 430 F.3d
963, 965 (9th Cir. 2005) (citing with approval *United States v. Scarboro*, 352 F.Supp.2d 714,
717 (E.D. Va. 2005)).

status." (*Id.* at 2) This Magistrate Judge construes Defendant's Motion as a request for a garnishment hearing due to financial hardship. The United States opposes the Motion, claiming that financial hardship is not a valid basis to hold a garnishment hearing pursuant to 28 U.S.C. §§ 3202(d) or 3205(c)(5). (Doc. 51 at 1, 4)  This Motion was referred to the undersigned Magistrate Judge on October 4, 2013, "for all further proceedings" by the Honorable Frederick J. Martone, the assigned Senior United States District Judge. (Doc. 45) After Judge Martone denied the United States' Motion for Stay of Case Proceedings Contingent Upon Federal Shutdown on October 15, 2013, the Garnishee filed its Answer and the United States filed its Response opposing Judgment-Debtor's request for a hearing. (Docs. 48, 50-51)  Defendant's Motion is ripe for ruling.

**I. Background**

The District Court's docket reflects that, on July 1, 2010, a criminal judgment was entered against Judgment-Debtor, finding him guilty of Theft of Public Money, a Class C felony, as charged in Count 10 of the Superseding Indictment. (Doc. 37)  Judgment-Debtor was "placed on probation for a term of **FIVE (5) YEARS** on Count 10." (Doc. 37) (emphasis in original). As part of the criminal judgment, Judgment-Debtor was ordered to pay $100.00 as a mandatory special assessment and "[r]estitution to victim U.S. Department of Veterans Affairs in the amount of $95,667.00," totaling "$95,767.00 in criminal monetary penalties, due immediately." (*Id.* at 1)  Having assessed Judgment-Debtor's ability to pay, Judge Martone ordered payment of the criminal monetary penalties "[i]n equal monthly installments of $300.00 over a period of 59 months to commence 30 days after the date of this judgment." (*Id.*) Because Judgment-Debtor did not have the ability to pay a fine, it was waived. (*Id.*) Judge Martone directed Judgment-Debtor's payments be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. (*Id.*) Judge Martone also ordered that "[a]ny unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision." (*Id.*)  According to the United States, the current balance due on the judgment is $93,532.00, as of September 4, 2013. (Doc. 51 at 2)

1        On September 16, 2013, and pursuant to 28 U.S.C. § 3205(b)(1), the United States

2    filed an Application for Writ of Garnishment with the Clerk of Court upon the judgment

3    entered against Judgment-Debtor directed to AAF-MCQUAY Inc.("AAF-McQuay"), C/O

4    CT Corporation System, Statutory Agent, 2390 E Camelback Road, Phoenix, AZ 85016,

5    seeking a writ of continuing garnishment of $93,532.00, as of September 4, 2013, belonging

6    to Defendant. (Doc. 40) The United States alleges "[t]he Garnishee is believed to have

7    possession of property in which the debtor has a substantial nonexempt interest, and it is

8    believed that Garnishee will continue to have possession of property for which Garnishee

9    is or may become indebted to the debtor." (*Id*. at 1-2) That same day, the Clerk of Court

10   issued a writ of continuing garnishment, notified AAF-McQuay of the writ with instructions

11   that AAF-McQuay answer the writ, provided Judgment-Debtor with notice of its issuance

12   along with instructions on how to file objections, request a hearing, or request a transfer to

13   the district of Judgment-Debtor's residence. (Doc. 43)  On October 16, 2013, the United

14   States filed a Notice of Service of Documents on Judgment Debtor, certifying that a copy

15   of the writ, along with the initial Clerk's Notice to Judgment Debtor and instructions were

16   sent to the Judgment-Debtor by certified mail and first-class mail on September 17, 2013,

17   at his last known address. (Doc. 49) Garnishee AAF-McQuay was served with the writ on

18   September 18, 2013. (Doc. 50, ¶ 1 at 1)

19       On October 16, 2013, Garnishee AAF-McQuay filed a verified answer, indicating it

20   employed the Judgment-Debtor and anticipated owing earnings to the Judgment-Debtor after

21   the date the writ was served, the Judgment-Debtor is paid bi-weekly, and the Judgment-

22   Debtor's last two pay dates were September 6 and 20, 2013. (Doc. 50, ¶¶ 3-4 at 1-2) AAF-

23   McQuay represents copies of its Answer and non-exempt earnings statement were delivered

24   on September 25, 2013 to the Judgment-Debtor by regular first class mail to the address

25   determined to be best calculated to reach the Judgment-Debtor in a timely manner.[2] (*Id.*, ¶

26   _____

27       [2] The Court notes that neither the United States nor AAF-McQuay attached a copy
     of the non-exempt earnings statement to the Garnishee's Answer as the form the Garnishee
28   used directs nor is it a part of the existing record. (Doc. 50, ¶ 3 at 1) The United States

1  7 at 2)

2  **II. Garnishment**

3    Restitution orders may be enforced by the United States in the same manner as the

4  enforcement of fines or "by all other available and reasonable means." 18 U.S.C. §

5  3664(m)(1)(A)(i)-(ii). See United States v. Novak, 476 F.3d 1041, 1044 (9th Cir. 2007) (*en*

6  *banc*) ("The government is responsible for enforcing restitution orders and turning the funds

7  collected over to victims."). One such procedure is a writ of garnishment against a judgment-

8  debtor's property, including nonexempt disposable earnings[3], under 28 U.S.C. § 3205. Title

9  15 U.S.C. § 1673(a)(1) is the statutory restriction on the maximum amount of disposable

10 earning which may be garnished per workweek.

11   Under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(a), the

12 United States may collect on a restitution judgment using the procedures available for the

13 collection of criminal fines outlined in 18 U.S.C. § 3613(a), *see* 18 U.S.C. §§ 3613(f) and

14 3664(m), and "may enforce a judgment imposing a fine in accordance with the practices and

15 procedures for the enforcement of a civil judgment under Federal law or State law[.]"

16 *United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009) (quoting 18 U.S.C. § 3613(a)).

17 "The Federal Debt Collection Procedures Act of 1990 ('FDCPA') is such a statute." *United*

18 *States v. Gianelli*, 543 F.3d 1178, 1182 (9th Cir. 2008), *cert. denied*, 129 S.Ct. 1396 (2009).

19 The FDCPA, 28 U.S.C. §§ 3001-3308, "provides the exclusive civil procedures for the

20 United States to . . . recover a judgment on a debt." 28 U.S.C. § 3001; *see also United States*

21 *v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005). The FDCPA's definition of "debt" includes

22

23 ─────────────────

24 represents that Judgment-Debtor "is paid on a bi-weekly basis with $326.69 in non-exempt
   earnings." (Doc. 51 at 2) Court will order a copy of Judgment-Debtor's completed non-
   exempt earnings statement be filed.

25

26  [3] "'Disposable earnings' means that part of earnings remaining after all deductions
   required by law have been withheld." 28 U.S.C. § 3002(5). The property exempt from levy

27 may be found at 26 U.S.C. § 6334.

28

"[a]n amount that is owing to the United States on account of . . . restitution . . . ." 28 U.S.C. § 3002(3)(B); *see also Mays*, 430 F.3d at 965 (concluding that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA). The FDCPA further provides that it "preempt[s] State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).

Under the FDCPA, the United States is required to provide the Judgment-Debtor with notice of the commencement of a post-judgment garnishment proceeding as provided for by 28 U.S.C. § 3202(b). The Judgment-Debtor then had twenty days following receipt of the notice to request a hearing. *Id*. While the Judgment-Debtor's Notice for Hearing was timely requested, he has not asserted one or more of the limited statutory reasons to permit a hearing under 28 U.S.C. § 3202(d).

If a garnishment hearing were held in this case, the issues to be considered are quite limited as a matter of law. Section 3202(d) provides, in relevant part:

[T]he issues at such hearing shall be limited--

(1) to the probable validity of any claim of exemption by the judgment debtor;

(2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and

(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

(A) the probable validity of the claim for the debt which is merged in the judgment; and

(B) the existence of good cause for setting aside such judgment.

This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

28 U.S.C. § 3202(d). "Although the Act states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v.*

1   *Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008) (citations omitted); *see also United*

2   *States v. Baugus*, 310 Fed.Appx. 120 (9th Cir. 2009) ("[W]e conclude that any error was

3   harmless in light of the district court's subsequent correct ruling that Baugus was not entitled

4   . . . to a hearing, *see* 28 U.S.C. § 3202(d)."); *United States v. Pedro*, 2011 WL 2262226, at

5   *2 (D. Ariz. May 16, 2011) (denying a hearing) (citing, *inter alia*,  *United States v. Tanya*

6   *Marie Smith*, 88 Fed.Appx. 981, at *1 (8th Cir. 2004) (noting that issues at a garnishment

7   hearing are "limited to determining validity of any claim of exemption, government's

8   compliance with statutory requirements and validity of default judgment.").

9   **III. Discussion**

10          In this case, because the Judgment-Debtor's indebtedness (restitution) has already

11   been reduced to judgment, the scope of any garnishment hearing is limited to the validity of

12   any claim of exemption and the Government's compliance with the statutory requirements

13   for the garnishment process. Like the defendants in numerous similar District Court of

14   Arizona criminal cases, Judgment-Debtor is simply not entitled to a hearing on the writ of

15   garnishment. *See United States v. Manuel*, 2013 WL 5530679 (D. Ariz. Oct. 7, 2013);

16   *United States v. Lizarraga*, 2012 WL 5995693 (D. Ariz. Nov. 30, 2012); *United States v.*

17   *Howard*, 2012 WL 1899862 (D. Ariz. May 24, 2012); *Pedro*, 2011 WL 2262226, at *2.

18          Here, Judgment-Debtor does not raise any of the issues enumerated in 28 U.S.C. §

19   3202(d)(1)-(3) to warrant a hearing. He does not claim either an exemption to the

20   non-exempt portion of his earnings under 18 U.S.C. § 3613(a)(1) or other statute or that the

21   United States failed to comply with the required statutory procedure; and because the

22   underlying judgment was not entered by default, but rather by guilty plea, docs. 26-27, he

23   does not request the judgment be set aside. Additionally, Judgment-Debtor has not objected

24   to the Garnishee's Answer, so a hearing is not justified under 28 U.S.C. § 3205(c)(5).

25   Moreover, the Judgment-Debtor's claim of financial hardship created by the garnishment of

26   25 percent of his non-exempt disposable earnings is not one of the enumerated reasons

27   identified in 28 U.S.C. § 3205(c)(5) to entitle him to a hearing. *See, e.g., United States v.*

28   *Mahar*, 42 F.3d 1389, at *1 (6th Cir. 1994) (holding that defendant's "argument that he is

1   unable to afford the amount of the garnishment is not a permissible defense to raise under

2   28 U.S.C. § 3202(d)");*United States v. Bullock*, 2011 WL 486233 (W.D.N.C. Feb. 7, 2011);

3   *United States v. Bringhurst*, 2007 WL 2903761, at *1-2 (D. Utah Oct. 3, 2007); *United*

4   *States v. Lawrence*, 538 F.Supp.2d 1188, 1194 (D.S.D. 2008) (holding that judgment-debtor

5   was not entitled to a hearing when he claimed financial hardship or the equities of the case,

6   as this was not an enumerated section in the statute). Furthermore, the existence of a periodic

7   payment provision in the criminal judgment does not prohibit the United States from seeking

8   a writ of garnishment for more than what the payment provision requires. *See United States*

9   *v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (government may pursue immediate

10  enforcement of restitution judgment despite provision in judgment specifying installment

11  payments).

12  **IV. Conclusion**

13      Because Judgment-Debtor's only basis for a hearing is that the garnishment of 25

14  percent of his bi-weekly disposable earnings will cause him a financial hardship, this

15  Magistrate Judge will recommend that Judgment-Debtor's request for a hearing be denied.

16  *See United States v. Thomas*, 2012 WL 869512 (E.D. Cal. March 9, 2012) (final order of

17  garnishment to pay restitution entered garnishing 25 percent of judgment-debtor's bi-weekly

18  disposable earnings).

19      This Magistrate Judge finds that the United States has complied with the FDCPA

20  regarding its application for writ of garnishment. Judgment-Debtor received actual notice of

21  the writ of garnishment and the United States' Application for Writ of Garnishment directed

22  to AAF-McQuay, seeking continuing garnishment of 25 percent of Judgment-Debtor's

23  bi-weekly disposable earnings. Moreover, this Magistrate Judge finds that Judgment-Debtor

24  has not filed an objection to the Government's Application or Writ of Garnishment and has

25  not requested a valid ground authorized by 28 U.S.C. § 3202(d) to schedule and conduct a

26  garnishment hearing.

27      The undersigned Magistrate Judge will recommend that the United States'

28  Application for Writ of Garnishment directed to Judgment-Debtor's employer, AAF-

1    McQuay, Inc., be granted and that a continuing garnishment judgment be signed and entered

2    herein by the assigned District Judge, granting the continuing garnishment of 25 percent of

3    Judgment-Debtor's bi-weekly disposable earnings.

4         In accordance with the foregoing,

5         **IT IS RECOMMENDED** that the United States' Application for Writ of

6    Garnishment, doc. 40, be **GRANTED** and a final order of continuing garnishment be entered

7    that garnishes 25 percent of Lance Theodore Bruneau's bi-weekly disposable earnings.

8         This recommendation is not an order that is immediately appealable to the Ninth

9    Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

10   Appellate Procedure, should not be filed until entry of the District Court's judgment. The

11   parties shall have **(14) fourteen days** from the date of service of a copy of this

12   recommendation within which to file specific written objections with the Court. *See,* 28

13   U.S.C. § 636(b)(1); Rules 72, 6, Federal Rules of Civil Procedure. Thereafter, the parties

14   have **(14) fourteen days** within which to file a response to the objections. Failure to file

15   objections timely to the Magistrate Judge's Report and Recommendation may result in the

16   acceptance of the Report and Recommendation by the District Judge without further review.

17   *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely

18   objections to any of the Magistrate Judge's factual determinations may be considered a

19   waiver of a party's right to appellate review of the findings of fact in an order or judgment

20   entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of

21   Civil Procedure; *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

22        **IT IS ORDERED** that the United States shall lodge a proposed continuing

23   garnishment order or judgment, consistent with this Report and Recommendation, within ten

24   days hereof.

25        **IT IS FURTHER ORDERED** that the United States shall file a copy of the

26   Judgment-Debtor's completed non-exempt earnings statement within ten days hereof.

27   / / /

28   / / /

1          **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail a

2    copy of this Report and Recommendation to Defendant Lance Theodore Bruneau.

3          Dated this 23rd day of October, 2013.

Lawrence O. Anderson
United States Magistrate Judge